LOTTINGER, Judge.
This matter is before us at this time as the result of a show cause order issued by *192 this Court ex proprio motu questioning whether the appellate bond filed herein was filed timely.
The matter having previously been taken under advisement, on December IS, 1972, the Lower Court rendered a judgment in favor of James Odis Stewart and against Cynthia Marie Stewart, the appellant, decreeing a divorce a vinculo matrimonii between them and awarding to James Odis Stewart the care, custody and control of the minor child of the marriage.
On said date, December IS, 1972, the parties were notified of said rendition.
On December 18, 1972, formal judgment was read and signed in open Court, and the said parties were notified of said judgment on said date. No new trial was applied for.
On January 11, 1973, on motion of counsel for Cynthia Marie Stewart, a devolu-tive appeal was granted herein from the judgment signed on December 18, 1972, returnable to this Court on or before March 5, 1973 and the bond fixed at $800.00. The appeal bond was filed on February 28, 1973.
C.C.P. Arts. 3942 and 3943 provide that appeal from the judgment in question involving separation from bed and board or divorce can be taken only within thirty days from the applicable date provided by C.C.P. Art. 2087(l)-(3). No new trial was applied for in this matter making C. C.P. Art. 2087(2) & (3) inapplicable. C. C.P. Art. 2087(1) says that the appeal period begins to run at the expiration of the delay for applying for a new trial, as provided by C.C.P. Art. 1974, if no application for a new trial has been filed timely.
Notice of the rendition and of the signing of the judgment were issued to the parties herein as required by C.C.P. Art. 1913 as hereinabove stated.
C.C.P. Art. 1974 provides as to follows:
“Art. 1974. Delay for applying for new trial
The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. As amended Acts 1961, No. 23, § 1.” (Emphasis ours)
Therefore in the matter before us, the delay commenced on December 19, 1972, the day after the clerk notified the parties and the bond was not filed until February 28, 1973. It is evident therefore that the bond was filed more than 30 days as provided by C.C.P. Art. 3942.
C.C.P. Art. 2088 provides in part that the jurisdiction of the Appellate Court attaches, “on the timely filing of the appeal bond”.
Accordingly, the appellant’s bond was filed long after the time prescribed by law, and according to C.C.P. Art. 2088, this Court lacks jurisdiction in this matter.
For the reasons herein assigned, this appeal is hereby dismissed at appellant’s costs.
Appeal dismissed.